CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Phyl Grace, Esq., SBN 171771
Mail: PO BOX 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stacy Nicklenberg**, <br><br> Plaintiff, <br><br> v. <br><br> **David M. Del Rio**, in his individual and representative capacity as trustee; **Ann M. Del Rio**, in her individual and representative capacity as trustee; **Placerville Brewing Company, LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief** For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act <br><br> **Demand For Jury** |

Plaintiff Stacy Nicklenberg complains of Defendants David M. Del Rio, in his individual and representative capacity as trustee; Ann M. Del Rio, in her individual and representative capacity as trustee; Placerville Brewing Company, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She has a spinal

cord injury, has limited mobility, and uses a wheelchair and crutches for mobility. She also has a service dog that has been individually trained to assist her in a number of tasks for which she is impaired due to her disability.

2. Defendants are, or were at the time of the incident, the owners and operators, lessors and/or lessees of the Placerville Brewing Company located at or about 155 Placerville Drive, Placerville, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(4) for violations of the American with Disabilities Act.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

6. The Plaintiff went to Placerville Brewing Company to eat in May of 2012. She was accompanied by her service dog. Placerville Brewing Company is a facility open to the public, a place of public accommodation, and a business establishment.

2

Complaint

7. Unfortunately, the defendants refused to permit the plaintiff to enter or eat at Placerville Brewing Company so long as she was accompanied by her service animal. Although the plaintiff informed the defendants that her dog was a service animal, explained that her service animal was trained, showed the defendants a placard explaining her rights under the law, and was willing to answer any questions they might have had, she was categorically refused entrance due to her service animal. This is a violation of the law.

8. Plaintiff would like to return and patronize Placerville Brewing Company but is deterred and prohibited from doing so until the defendants change their policy.

**I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

10. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against in the full and equal enjoyment of their goods, services, facilities, privileges or advantages and, additionally, have specific duties to modify any policies or rules to permit the use of a service animal by a person with a disability. The defendants failed to meet these obligations.

11. Under the ADA, "Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 C.F.R. § 36.302(7). And although a business may legitimately exclude pets, they must "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). By refusing to permit the

plaintiff to be accompanied by his service animal when she went to the Placerville Brewing Company, the defendant discriminated against the plaintiff in violation of the Americans with Disabilities Act. See 42 U.S.C. § 12182(a); 12182(b)(2)(A)(i)-(ii); 28 C.F.R. 36.207.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

12. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

13. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against in the full and equal enjoyment of their goods, services, facilities, privileges or advantages and, additionally, have specific duties to modify any policies or rules to permit the use of a service animal by a person with a disability. The defendants failed to meet these obligations.

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

14. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

15. Under the Disabled Persons Act, every individual with a disability has the right to be accompanied by a service dog to any business. (Civ. Code § 54.2(a).) Moreover, any violation of the ADA is a per se violation of Disabled Persons Act. (Id. at (b).)

16. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against in the full and equal enjoyment of

their goods, services, facilities, privileges or advantages and, additionally, have specific duties to modify any policies or rules to permit the use of a service animal by a person with a disability. The defendants failed to meet these obligations.

17. The defendants interfered with the plaintiff's admittance and enjoyment of a public facility because they prevented his service dog from carrying out its functions in assisting the plaintiff.

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

19. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: December 20, 2012                    CENTER FOR DISABILITY ACCESS

By:_____
Raymond G. Ballister, Jr, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 20, 2012                    CENTER FOR DISABILITY ACCESS

By:_____
Raymond G. Ballister, Jr, Esq.
Attorneys for Plaintiff

6

Complaint