UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MECKLENBERG,<br><br>Plaintiff,<br><br>v.<br><br>PLACERVILLE BREWING COMPANY, LLC, a California Limited Liability Company; and Does 1-10,<br><br>Defendant. | No. 2:13-cv-149-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter was before the court on May 16, 2018, for hearing on defendant's motion to set aside the clerk's entry of its default (ECF No. 38) and plaintiff's motion for entry of a default judgment (ECF No. 40).[1] Also pending is the court's April 10, 2018 order directing plaintiff to show cause why sanctions should not imposed for failure to file a response to defendant's motion to set aside default (ECF No. 53). Attorney Robert Enos appeared on behalf of defendant; plaintiff failed to appear. For following reasons, it is recommended that defendant's motion be granted, plaintiff's motion be denied, and that the case be dismissed for failure to prosecute and failure to comply with court orders.

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

I.  Background

Plaintiff filed this action against defendant Placerville Brewing Company, LLC, alleging violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, California's Disabled Persons Act, and a negligence claim. ECF No. 1. Plaintiff subsequently amended her complaint (ECF No. 8), and defendant timely filed an answer to the first amended complaint (ECF No. 10).

In May 2014, the court granted defendant's attorney's motion to withdraw as counsel. Defendant is a corporation and cannot proceed in this litigation without counsel. Accordingly, the order provided defendant with 60 days to obtain new counsel and specified that if substitute counsel was not obtained in that period, plaintiff could move for default judgment. ECF No. 30. *Id*. Defendant failed to obtain new counsel within the 60-day period and plaintiff requested the entry of defendant's default. But, as addressed below, plaintiff missed a step in the process. Plaintiff did not move to strike the timely filed answer. Notwithstanding that answer, the clerk entered the default on August 7, 2014.

After the entry of default the case sat idle until November 20, 2017, at which time plaintiff finally moved for default judgment. ECF No. 36. But plaintiff failed to properly notice the motion for hearing as required by the local rules to trigger a briefing schedule. E.D. Cal. 230(b) and (c). Plaintiff then waited until January 7, 2018, to file a properly-noticed motion (ECF No. 40), which was two days after defendant, through new counsel, filed its motion to set aside its default[2] (ECF No. 38). But prior to those matters being heard, plaintiff's attorney moved to withdraw as counsel. ECF No. 44. That motion was granted (ECF No. 48) and the matter was referred to the undersigned for further proceedings (ECF No. 49). *See* E.D. Cal. L.R. 302(c)(21) (referring to magistrate judges all actions in which all the plaintiffs or all the defendants are proceeding *in propria persona*).

/////

---

[2] Defendant contends in that motion that it first learned about the entry in December 2017, when it was served with a copy of plaintiff's motion for default judgment. ECF No. 38 at 4. Defendant further states that if it had known about the default at the time of entry, it would have immediately taken the steps necessary to address the entry of default. *Id*.

2

The court subsequently set both motions for hearing on April 11, 2018, and directed the parties to file responses to the motions in compliance with Local Rule 230. ECF No. 50. Defendant timely responded to plaintiff's motion, but plaintiff failed to file either an opposition or statement of non-opposition to defendant's motion in violation of Local Rule 230(c). Accordingly, the hearing on the motions was continued, and plaintiff (now proceeding pro se) was ordered to file an opposition or statement of non-opposition to defendant's motion. She was also ordered to show cause, by no later than May 2, 2018, why sanctions should not be imposed for failure to timely respond to defendant's motion. ECF No. 53. To date, plaintiff has not responded to the court's order to show cause.

II. Motion to Set Aside Default and Motion for Default Judgment

Defendant argues that its default should not have been entered because it timely filed an answer to the operative complaint and plaintiff did not move to strike the answer prior to seeking entry of default. ECF No. 38. Indeed, it appears that the clerk's entry was premature.

Under Rule 55(a), the court must enter default against a party who has "failed to plead or otherwise defend." When a defendant has filed an answer, default cannot be entered until that answer is stricken. *See Osgood v. Main Street Marketing, LLC*, 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) ("Since Defendants filed an answer, the Court cannot enter default until the Answer is stricken."); *LegalZoom.com Inc. v. Macey Bankruptcy Law, P.C.*, 2014 WL 961832, at *3 (C.D. Cal. Mar. 12, 2014) (finding that "the Court must first strike the answer . . . . The Court may then enter default.").

At the time plaintiff requested entry of defendant's default, defendant had already filed an answer to the amended complaint. ECF No. 10. Although plaintiff could have moved to strike the answer given defendant's initial failure to timely retain new counsel, she failed to do so. *See Rojas v. Hawgs Seafood Bar, Inc.*, 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."). Further, plaintiff was represented by counsel at that time. Since defendant's answer remains valid, defendant's default should not have been entered.

/////

Accordingly, defendant's motion to set aside the clerk's entry of default must be granted. Consequently, plaintiff's motion for default judgment must be denied. *Cf Eitel v. McCool*, 782 F.2d 1470, 1471 (recognizing that Rule 55 requires the entry of default before default judgment may be entered).

III. <u>Order to Show Cause</u>

As noted, after plaintiff's failure to timely file a response to defendant's motion, she was ordered to file either an opposition or statement of non-opposition to defendant's motion by no later than May 2, 2018. She was also ordered, by the same date, to show cause why sanctions should not be imposed for failure to timely a response to defendant's motion, and admonished that failure to do so could result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders and this court's Local Rules. ECF No. 53.

The deadline has passed and plaintiff has filed nothing in response to the court's order to show cause. Furthermore, plaintiff not only failed to appear at the May 18 hearing, but she has not had any contact with the court since her attorney withdrew. Thus, it appears that plaintiff has abandoned this case. Accordingly, it is recommended that this action be dismissed for failure to prosecute and comply with court orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

IV. <u>Conclusion</u>

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to set aside the clerk's entry of default (ECF No. 38) be granted and the Clerk be directed to set aside defendant's default;

2. Plaintiff's motion for default judgment (ECF No. 40) be denied;

3. This action be dismissed for failure to prosecute and comply with court orders; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2018.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE